| | | |
|---|---|---|
| STATE OF INDIANA | ) | ST. JOSEPH COUNTY COURT |
| | ) | SS: |
| COUNTY OF ST. JOSEPH | ) | CAUSE NO.: 71D05-2311-CT-000559 |

| | |
|---|---|
| BRITNEE EBEYER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LANDMARK RECOVERY OF CARMEL, ) | |
| LLC d/b/a PRAXIS OF SOUTH BEND BY ) | **JURY TRIAL REQUESTED** |
| LANDMARK RECOVERY, LANDMARK ) | |
| RECOVERY OF LOUISVILLE, LLC, ) | |
| LANDMARK RECOVERY ) | |
| MANAGEMENT COMPANY, LLC, and ) | |
| DUSTIN WASSON, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Britnee Ebeyer, by counsel, and for her Amended Complaint for Damages against the Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend By Landmark Recovery, Landmark Recovery of Louisville, LLC, Landmark Recovery Management Company, LLC, and Dustin Wasson, and alleges and asserts the following:

1. At all times relevant hereto, Plaintiff, was an occupant and/or resident at Defendant, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery's, location at 60257 Bodnar Boulevard, Mishawaka, Indiana 46544.

2. At all times relevant hereto, Defendant, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, was a substance abuse rehabilitation facility.

3. At all times relevant hereto, Defendant, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, was a substance abuse rehabilitation facility in the City of Mishawaka, County of St. Joseph, in the State of Indiana.

1

4. At all times relevant hereto, Defendant, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, was a substance abuse rehabilitation facility located at 60257 Bodnar Boulevard, Mishawaka, Indiana 46544.

5. At all times relevant hereto, Defendant, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, was a Delaware limited liability company with its principal place of business in Tennessee.

6. At all times relevant hereto, Defendant, Landmark Recovery of Louisville, LLC, was the sole member of Defendant, Landmark Recovery of Carmel, LLC.

7. At all times relevant hereto, Defendant, Landmark Recovery of Louisville, LLC, was a Delaware limited liability company with its principal place of business in Tennessee.

8. At all times relevant hereto, Defendant, Landmark Recovery Management Company, LLC, controlled, maintained, and/or otherwise managed Defendant, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery.

9. At all times relevant hereto, Defendant, Landmark Recovery Management Company, LLC, was a Delaware limited liability company with its principal place of business in Tennessee.

10. At all times relevant hereto, Defendant, Dustin Wasson was the Executive Director of Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery.

11. At all times relevant hereto, Defendant, Dustin Wasson was a resident and citizen of State of Indiana.

12. While an occupant and/or resident of Defendants' facility from August to September of 2022, Plaintiff, sustained severe personal injuries as the result of the actions and

omissions of Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, Landmark Recovery Management Company, LLC, and Dustin Wasson.

## COUNT I: ENDANGERMENT

COMES NOW Plaintiff, by and through her attorneys, and for her Complaint for Damages against the Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend By Landmark Recovery, Landmark Recovery of Louisville, LLC, Landmark Recovery Management Company, LLC, and Dustin Wasson, and respectfully shows the Court as follows:

13. Plaintiff hereby incorporates paragraphs 1 through 12 as if set forth fully herein.

14. Indiana Code § 12-10-3-2 defines an "endangered adult" as an individual who is (1) at least eighteen (18) years of age; (2) incapable by reason of mental illness, intellectual disability, dementia, habitual drunkenness, excessive use of drugs, or other physical or mental incapacity of managing or directing the management of the individual's property or providing or directing the provision of self-care; and is (3) harmed or threatened with harm as a result of: (A) neglect; (B) a battery offense included in Ind. Code § 35-42-2; or (C) exploitation of the individual's personal services or property.

15. Plaintiff, was (1) over eighteen (18) years of age; (2) incapable by reason of habitual drunkenness, excessive use of drugs, and other physical or mental incapacity of directing the provision of self-care; and (3) were harmed and/or threatened with harm as a result of (A) neglect; (B) battery; or (C) exploitation of the individual's personal services or property.

16. As a direct and proximate result of Defendants' negligence and the harm inflicted therein, Plaintiff sustained substantially serious and debilitating personal injuries.

## COUNT II: PREMISE LIABILITY

COMES NOW Plaintiff, by and through her attorneys, and for her Complaint for Damages against the Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend By Landmark Recovery, Landmark Recovery of Louisville, LLC, Landmark Recovery Management Company, LLC, and Dustin Wasson, and respectfully shows the Court as follows:

17. Plaintiff hereby incorporates paragraphs 1 through 16 as if set forth fully herein.

18. The Indiana Medical Malpractice Act does not apply to every negligent act or omission by a health care provider. *Lyons v. Lutheran Hosp.*, 2004 U.S. Dist. LEXIS 20255, at *7 (S.D. Ind. Sep. 15, 2004), *E.g., Winona Memorial Foundation v. Lomax*, 465 N.E.2d 731, 742 (Ind. App. 1984). *Winona* states that a premise liability claim by a patient against a health care provider is not within the coverage of the Indiana Medical Malpractice Act ("MMA"). 465 N.E.2d at 731. Although the plaintiff may be a patient and the defendant may be a qualified health care provider within the MMA's meaning, the court held that the patient's "premise liability" claim for injuries resulting from the negligent maintenance of the premise is not a malpractice claim within the scope of the MMA. *Id*. Furthermore, the court concluded that the MMA "had nothing to do with the sort of liability any health care provider – risks when a patient, or anyone else, is injured by the negligent maintenance of the provider's business premises." *Id*. At 739.

19. At all times relevant hereto, Defendant, Landmark Recovery of Carmel LLC, d/b/a Praxis of South Bend by Landmark Recovery, was the owning corporation of the property and facility located at 60257 Bodnar Boulevard, Mishawaka, Indiana 46544.

20. At all times relevant hereto, Plaintiff, was staying at Praxis to recover from substance abuse.

21. Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend By Landmark Recovery, Landmark Recovery of Louisville, LLC, and Landmark Recovery Management Company, LLC, owned, operated, and otherwise managed Praxis while Plaintiff was an invitee on the premises.

22. Defendant, Dustin Wasson, as Executive Director, controlled, operated, and otherwise managed Praxis while Plaintiff was an invitee on the premises.

23. While staying at Praxis of South Bend by Landmark Recovery, Plaintiff sustained severe personal injuries as the result of unsafe and hazardous conditions on the premise.

24. As owners, operators, controllers, and/or maintainers of the premise, Defendants owed Plaintiff a legal duty to ensure that the premises were maintained in a safe condition.

25. Around said time and place, Defendants provided unsanitary living conditions, including but not limited to ineffective plumbing and permitting human wastewater in the hallways.

26. Around said time and place, Defendants denied Plaintiff access to a working toilet for over twenty-four (24) hours.

27. Around said time and place, Defendants knew of and failed to clean or remove bodily fluids such as vomit or defecation from occupants and/or residents, including Plaintiff's, rooms.

28. Defendants forced the occupants and/or residents, including Plaintiff, to clean up the vomit, human waste, and other hazardous conditions that existed on the Landmark premises.

29. Around said time and place, Defendants knew of other occupants and/or residents who had a propensity for violence and failed to mitigate and/or prevent physical altercations and harm, such as but not limited to fist-fights and stabbings.

30. Around said time and place, Defendants knew of the inadequacy of the types and number of meals served and the inadequate portions served to other occupants and/or residents causing residents to miss meals, which is a basic and fundamental right of Plaintiff while invitees on Defendants' premises.

31. Around said time and place, Defendants knew of the lack of adequate working showers and facilities filled with human waste which prevented Plaintiff from basic uses of showers and toilets, which are basic human needs that Plaintiff was deprived of during her residency at Defendants' premises.

32. Around said time and place, Defendants knew of other occupants and/or residents entering other occupants and/or residents, including Plaintiff's, rooms without permission.

33. At said time and place, Defendants knew, or by exercise of reasonable care should have known, of the dangerous and hazardous conditions which existed on the premises and that such condition posed an unreasonable risk of harm to the invitees on Defendants' premise, including Plaintiff, and failed to take appropriate action to remedy the hazardous conditions.

34. At said time and place, Defendants, did not attempt to warn Plaintiff of the hazardous conditions which existed on the premise, and failed to post signs, clean, or otherwise block the dangerous area.

35. Defendants were negligent in, among other things, failing to warn Plaintiff of the dangerous conditions and failing to properly instruct invitees of the possible hazardous conditions.

36. Defendants were negligent in, among other things, failing to implement proper safety and maintenance procedures.

37. Defendants were negligent in, among other things, failing properly inspect the premise.

38. Defendants breached their duty owed to Plaintiff by failing to maintain Praxis and its premises in a reasonably safe and secure manner for its residents, including the Plaintiff.

39. As a direct and proximate result of Defendants' breach of their duty, Plaintiff sustained severe and permanent injuries.

40. As a direct and proximate result of the injuries sustained by Plaintiff, Plaintiff has experienced mental anguish, emotional distress, pain, and suffering, all of which may continue for an indefinite period.

41. As a direct and proximate result of the negligence of the Defendants, Plaintiff has been damaged.

## COUNT III: NEGLIGENCE

COMES NOW Plaintiff, by and through her attorneys, and for her Complaint for Damages against the Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend By Landmark Recovery, Landmark Recovery of Louisville, LLC, Landmark Recovery Management Company, LLC, and Dustin Wasson, and respectfully shows the Court as follows:

42. Plaintiff hereby incorporates paragraphs 1 through 41 as if set forth fully herein.

43. At all times relevant hereto, Plaintiff was staying at Defendant, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery at 60257 Bodnar Boulevard, Mishawaka, Indiana, to recover from substance abuse.

44. Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, and Landmark Recovery Management Company, LLC, owned, operated, and otherwise managed Praxis while Plaintiff

was an invitees on the premises.

45. Defendant, Dustin Wasson, as Executive Director, controlled, operated, and otherwise managed Praxis while Plaintiff was an invitee on the premises.

46. While staying at Praxis of South Bend by Landmark Recovery, Plaintiff sustained severe personal injuries as the result of the management, care, control, and operation of the facility while they were residing there.

47. Around said time and place, Defendants permitted and failed to prohibit individuals from bringing illicit drugs into the facility.

48. Around said time and place, Defendants failed to provide individuals with adequate dietary and nutritional needs such as permitting occupants and/or residents to go days without food or beverage.

49. Around said time and place, Defendants withheld occupants and/or residents, including Plaintiff's, personal belongings such as phone, wallets, keys, and clothing without access for extended periods of time. If occupants and/or residents asked to leave the Defendant's property, she was not permitted her personal belongings for minimally twenty-four hours.

50. Defendants withheld and/or lost Plaintiff's clothes, forcing her to wear the same clothes for a week and hand wash them in a sink.

51. At said time and place, the Defendants, Landmark Recovery of Louisville LLC, Landmark Recovery of Kentucky LLC, Landmark Recovery of Carmel LLC, and Dustin Wasson had actual or constructive knowledge of the danger or peril the conditions of the facility presented to the public.

52. As a direct and proximate result of the negligence of the Defendants, the Plaintiff, without any contributory negligence did suffer injuries, damages, and harm.

53. As a direct and proximate result of Defendants' negligence, Plaintiff sustained substantially serious and debilitating personal injuries.

54. In order to treat her injuries and to lessen her pain and suffering, Plaintiff has been required to engage the services of hospitals, physicians, and therapists for medical care, therapy, treatment, and medicines and has incurred substantial medical bills for such treatment.

55. As a direct and proximate result of the negligence of Defendants, Plaintiff will be required to seek medical treatment in the future and will incur future expenses attendant therewith.

56. As a result of the actions and omissions described herein and the injuries to Plaintiff, Plaintiff's quality of life has been diminished indefinitely.

57. As a result of the injuries sustained by Plaintiff, Plaintiff has experienced mental anguish, emotional distress, pain, and suffering, including but not limited to post traumatic stress disorder, anxiety, depression, all of which may continue for an indefinite period.

58. As a direct and proximate result of the negligence of the Defendants, Plaintiff has been damaged.

## COUNT IV: NEGLIGENCE/SEXUAL ASSAULT

COMES NOW Plaintiff, by and through her attorneys, and for her Complaint for Damages against the Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, Landmark Recovery Management Company, LLC, and Dustin Wasson, and respectfully shows the Court as follows:

59. Plaintiff hereby incorporates paragraphs 1 through 58 as if set forth fully herein.

60. Around said time and place, Defendants failed to take adequate and reasonable measures to prevent a male patient from entering the female wing of the facility.

61. At said time and place, Defendants knew of or in the exercise of reasonable care should have known that the male patients were entering the female wing and female rooms without permission.

62. Around said time and place, Defendants knew of other occupants and/or residents who were sexually assaulting other occupants and/or residents and failed to mitigate and/or prevent physical altercations and harm.

63. Around said time and place, Defendants knew of other staff and/or residents who were sexually assaulting other occupants and/or residents and failed to mitigate and/or prevent physical altercations and harm.

64. Around said time and place, a male patient entered Plaintiff's room in the early morning hours. He crawled into Plaintiff's bed while she was sleeping.

65. At said time and place, Plaintiff was sexually assaulted by a male patient.

66. At said time and place, Plaintiff was able to flee from her assailant and immediately reported it to Defendants' staff.

67. At said time and place, Defendants knew of or in the exercise of reasonable care should have known that the male patient posed a danger and/or unreasonable risk of harm to the occupants and/or residents, including Plaintiff.

68. At said time and place, Defendants had actual or constructive knowledge of the dangers or perils presented to the occupants and/or residents, including Plaintiff.

69. At said time and place, Defendants' staff failed to report the sexual assault.

70. At said time and place, Defendants refused to call 911 or report the incident to the proper authorities.

71. At said time and place, Defendants failed to remove the male patient from the facility.

72. At said time and place, Defendants failed to implement policies and/or procedures or adequate and reasonable measures to prevent male patients from entering the female wing and/or female rooms.

73. Shortly thereafter, Plaintiff was again confronted by the same male patient while waiting to receive medication.

74. At said time and place, the same male patient verbally abused and attempted to physically assault Plaintiff.

75. At said time and place, Defendants knew that the male patient posed a danger and/or unreasonable risk of harm to the occupants and/or residents, including Plaintiff.

76. At said time and place, Defendants had actual or constructive knowledge of the dangers or perils presented to the occupants and/or residents, including Plaintiff.

77. At said time and place, Defendants again failed to report the attack.

78. At said time and place, Defendants again refused to call 911 or report the incident to the proper authorities.

79. At said time and place, Defendants again failed to remove the male patient from the facility.

80. Defendants were negligent in, among other things, failing to warn Plaintiff of the dangerous conditions and failing to properly instruct invitees of the possible hazardous conditions.

81. Defendants were negligent in, among other things, failing to remove the dangerous conditions.

82. Defendants were negligent in, among other things, failing to report the dangerous conditions.

83. Defendants were negligent in, among other things, failing to implement proper safety and maintenance procedures.

84. Defendants were negligent in, among other things, failing to prevent harm and sexual assault to its occupants and/or residents, including Plaintiff.

85. Defendants breached their duty owed to Plaintiff by failing to maintain Praxis and its premises in a reasonably safe and secure manner for its residents, including the Plaintiff.

86. As a direct and proximate result of the negligence of the Defendants, the Plaintiff, without any contributory negligence did suffer injuries, damages, and harm.

87. As a direct and proximate result of Defendants' negligence, Plaintiff sustained substantially serious and debilitating personal injuries.

88. In order to treat her injuries and to lessen her pain and suffering, Plaintiff has been required to engage the services of hospitals, physicians, and therapists for medical care, therapy, treatment, and medicines and has incurred substantial medical bills for such treatment.

89. As a direct and proximate result of the negligence of Defendants, Plaintiff will be required to seek medical treatment in the future and will incur future expenses attendant therewith.

90. As a result of the actions and omissions described herein and the injuries to Plaintiff, Plaintiff's quality of life has been diminished indefinitely.

91. As a result of the injuries sustained by Plaintiff, Plaintiff has experienced mental anguish, emotional distress, pain, and suffering, including but not limited to post traumatic stress disorder, anxiety, depression, all of which may continue for an indefinite period.

92.     As a direct and proximate result of the negligence of the Defendants, Plaintiff has been damaged.

## COUNT V: RESPONDEAT SUPERIOR LIABILITY

COMES NOW Plaintiff, by and through her attorneys, and for her Complaint for Damages against the Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, Landmark Recovery Management Company, LLC, and Dustin Wasson, and respectfully shows the Court as follows:

93.     Plaintiff hereby incorporates paragraphs 1 through 92 as if set forth fully herein.

94.     At all times relevant hereto, the injuries, harm, and damages were incurred by the Plaintiff as a result of the direction, management, and oversight of Defendant, Dustin Wasson, in a negligent and reckless manner, which Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, and Landmark Recovery Management Company, LLC, knew or should have known, was likely and involved an unreasonable risk of harm to others.

95.     Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, and Landmark Recovery Management Company, LLC, as the employer(s) of Defendant, Dustin Wasson, who was in the course and scope of his employment with Defendants, were negligent in controlling, directing, and maintaining the premises.

96.     Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, and Landmark Recovery Management Company, LLC, as the employer(s), are responsible for the negligent acts and/or omissions of Defendant, Dustin Wasson, for causing Plaintiff's injuries under the doctrine of

respondeat superior.

97. As a direct and proximate result of the negligence of the Defendants, the Plaintiff, without any contributory negligence did suffer injuries, damages, and harm.

98. As a direct and proximate result of Defendants' negligence, Plaintiff sustained substantially serious and debilitating personal injuries.

### COUNT VI: NEGLIGENT HIRING

COMES NOW Plaintiff, by and through her attorneys, and for her Complaint for Damages against the Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, Landmark Recovery Management Company, LLC, and Dustin Wasson, and respectfully shows the Court as follows:

99. Plaintiff hereby incorporates paragraphs 1 through 98 as if set forth fully herein.

100. At all times relevant hereto, the injuries, harm, and damages were incurred by the Plaintiff as a result of the direction, management, and oversight of Defendant, Dustin Wasson, in a negligent and reckless manner, which Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, and Landmark Recovery Management Company, LLC, knew or should have known, was likely and involved an unreasonable risk of harm to others.

101. Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, and Landmark Recovery Management Company, LLC, had knowledge of or, in the exercise of reasonable care, should have had knowledge of the unfitness, incompetency, and/or dangerous tendencies Defendant, Dustin Wasson, posed at Praxis of South Bend of Landmark Recovery.

102. Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by

Landmark Recovery, Landmark Recovery of Louisville, LLC, and Landmark Recovery Management Company, LLC, did not exercise reasonable care in hiring Defendant, Dustin Wasson.

103. As a direct and proximate result of the negligence of the Defendants, the Plaintiff, without any contributory negligence did suffer injuries, damages, and harm.

104. As a direct and proximate result of Defendants' negligence, Plaintiff sustained substantially serious and debilitating personal injuries.

## COUNT VII: PUNITIVE DAMAGES

COMES NOW Plaintiff, by and through her attorneys, and for her Complaint for Damages against the Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, Landmark Recovery Management Company, LLC, and Dustin Wasson, and respectfully shows the Court as follows:

105. Plaintiff hereby incorporates paragraphs 1 through 104 as if set forth fully herein.

106. Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, Landmark Recovery Management Company, LLC, and Dustin Wasson, acted with gross negligence and with wanton and in reckless disregard for the Plaintiff's health and safety and as such, Plaintiff is entitled to punitive damages.

107. At said time and place Defendants, Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, Landmark Recovery Management Company, LLC, and Dustin Wasson, were improperly motivated and egregiously took advantage of a vulnerable population. As such, Plaintiff is entitled to damages for the acts and behavior of Defendants.

108. Plaintiff is entitled to a punitive damage award sufficient to punish Defendants and to deter Defendants from engaging in the same or similar conduct in the future.

109. Plaintiff is entitled to an award of punitive damages to assure future occupants and/or residents of Defendants' facility are safe and will not be treated similarly. The award should be sufficient to be memorable of Defendants not to ever engage in a reckless manner and in total disregard for the physical and mental safety and security of their occupants and/or residents.

WHEREFORE, Plaintiff, Britnee Ebeyer, prays for judgment in her favor and against the Defendants, in an amount commensurate with the damage sustained, for the costs of this action, attorney fees and expenses, for trial by jury, punitive damages, and for all other relief just and proper in the premise.

Respectfully submitted,

**CROSSEN LAW FIRM LLC**

/s/Trevor J. Crossen
Trevor J. Crossen
Attorney No. 18592-49

/s/Gina M. Koeneman
Gina M. Koeneman
Attorney No. 36989-29

**CROSSEN LAW FIRM, LLC**
4661 Lisborn Drive
Carmel, IN 46033
Telephone: (317) 939-6800
Trevor@crossenlawfirm.com
gina@crossenlawfirm.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document was electronically filed and duly served using the E-filing system on November 29, 2023 to the following:

Courtney David Mills
Alexis R. Jenkins
Riley Bennett Egloff LLP
500 N. Meridian St. Suite 550
Indianapolis, IN 46204
cmills@rbelaw.com
ajenkins@rbelaw.com

                                      /s/Trevor J. Crossen
                                      Trevor J. Crossen

**CROSSEN LAW FIRM LLC**
4661 Lisborn Drive
Carmel, IN 46033
T: (317) 939-6800
F: (317) 939-6801
Trevor@crossenlawfirm.com
Gina@crossenlawfirm.com