UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRITNEE EBEYER,

    Plaintiff,

    v.

LANDMARK RECOVERY OF CARMEL
LLC, et al.,

    Defendants.

Case No. 3:23-CV-01026-CCB-SLC

## OPINION AND ORDER

Plaintiff Britnee Ebeyer sued Defendants Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery, Landmark Recovery of Louisville, LLC, Landmark Recovery Management Company, LLC, and Dustin Wasson (collectively "Defendants") in St. Joseph County, Indiana. On November 30, 2023, Defendants removed the case to this Court based on diversity of citizenship under 28 U.S.C. § 1332. [DE 1.] Ebeyer has now moved to remand the case back to Indiana state court, arguing that the Court lacks jurisdiction because complete diversity did not exist at the time of removal. [DE 18.] The Court agrees with Ebeyer and grants her motion to remand.

## BACKGROUND

Ebeyer, a citizen of Indiana, alleges that while she was a resident at Defendant Landmark Recovery of Carmel, LLC d/b/a Praxis of South Bend by Landmark Recovery ("Praxis") from August 2022 to September 2022, she sustained severe personal injuries as a result Defendants' actions and omissions. [DE 7 at ¶¶ 1, 12.] Ebeyer alleges that Defendants owned, operated, and otherwise managed Praxis while she was an invitee on the premises. [*Id.* at ¶¶ 21-22.] She also alleges Defendants knew of other staff and residents who were sexually assaulting other residents, that a male patient entered Ebeyer's room and sexually assaulted her, that she reported it to Defendants' staff, and that Defendants failed to report the sexual assault or call 911. [*Id.* at ¶¶ 63-70.] Ebeyer

further alleges that the same male patient later verbally abused and attempted to physically assault her, and that Defendants also refused to remove the male patient, call 911, or report the incident. [*Id.* at ¶¶ 74-80.] Ebeyer sued Defendants in St. Joseph Superior Court, Indiana, asserting claims of endangerment, premises liability, negligence, respondeat superior, negligent hiring, and punitive damages. [DE 7.]

Defendants removed the case to this Court pursuant to 28 U.S.C §§ 1441 and 1446, alleging that the Court has diversity jurisdiction under 28 U.S.C. § 1332. [DE 1.] Defendants Praxis, Landmark Recovery of Louisville, LLC, and Landmark Recovery Management Company, LLC are Tennessee citizens. [DE 1 at ¶ 2.] Defendant Dustin Wasson is, like Ebeyer, a citizen of Indiana. [DE 7 at ¶ 11.] Ebeyer moved to remand the case back to St. Joseph County, Indiana, arguing that the Court lacks jurisdiction. Defendants oppose the motion, arguing that Ebeyer fraudulently joined nondiverse defendant Wasson, and that remand is improper because Wasson was not properly joined and served in state court prior to removal.

## STANDARD OF REVIEW

Removal is governed by 28 U.S.C § 1441. "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly[.]" *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009). The Court should resolve any doubts regarding removal in favor of the plaintiff's choice of forum in state court. *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2014).

A defendant may remove a case to federal court if there is federal subject matter jurisdiction. 28 U.S.C § 1441(a). Removal based on diversity requires that the parties be of complete diverse state citizenship, and the amount in controversy exceed $75,000. 28 U.S.C § 1332; *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Where complete diversity of citizenship is lacking, under the fraudulent joinder doctrine, a federal court may "disregard, for jurisdictional

2

purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* at 763 (quotations and citations omitted). A defendant who seeks removal "must bear a heavy burden to establish fraudulent joinder." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). To establish fraudulent joinder, the defendant "must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.* (emphasis in original). The Court must look at the facts alleged and the law governing the complaint to determine whether plaintiffs have "some chance of success" on their claims against the nondiverse defendant under state law. *See Thorton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015); *Poulos*, 959 F.2d at 73-74. The Court may also consider uncontested evidence when determining whether fraudulent joinder is established. *See Faucett v. Ingersoll-Rand Min. & Mach. Co.*, 960 F.2d 653, 654-55 (7th Cir. 1992).

## DISCUSSION

A. Fraudulent Joinder

Defendants first argue that Wasson was fraudulently joined, and that the Court should disregard Wasson's citizenship and dismiss him from the case because Ebeyer's claims against Wasson cannot succeed. [DE 21 at 4.]

Ebeyer alleges that Wasson was the Executive Director at Praxis when she was a resident there, and asserts a premises liability claim against him. [DE 7 at ¶ 22]. On a premises liability claim, "whether the defendant owes the plaintiff a duty depends primarily on whether the defendant was in control of the premises when the accident occurred." *Bertucci v. Bertucci*, 177 N.E.3d 1211, 1222 (Ind. Ct. App. 2021). Ebeyer also asserts a claim against Wasson for negligence. The elements for a negligence claim are "(1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty." *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011) (citation omitted). Under Indiana law, a duty of care underlying a negligence claim is not

3

limited to only those who control the land, as is the case for a premises liability claim. "Indiana courts analyze three factors in determining whether to impose a duty at common law: (1) the relationship between the parties, (2) the reasonable foreseeability of harm to the person injured, and (3) public policy concerns." *Love v. Meyer & Najem Const.*, 950 N.E.2d 7, 10 (Ind. Ct. App. 2011) (citations omitted). Further, "a duty may be imposed upon one who by affirmative conduct or agreement assumes to act, even gratuitously, for another to exercise care and skill in what he has undertaken." *Id.* (citations omitted). The assumption of a duty creates a "special relationship" between the parties and a "corresponding duty to act in a reasonable prudent manner." *Id.* The existence and extent of such a duty are generally questions for the trier of fact. *Id.* (citations omitted).

Defendants argue in their response to Ebeyer's motion to remand that Wasson was not the Executive Director of Praxis at the time Ebeyer was a resident there, and rely on an affidavit from Wasson in which he asserts that he was the Executive Director at Landmark Recovery Fort Wayne (Bluffton). [DE 21-2 at ¶¶ 2, 6.] Wasson also states in his affidavit that it is "categorically false and untrue" that he "controlled, operated, and otherwise managed Praxis [South Bend] while Plaintiff was an invitee on the premises.] [*Id.* at ¶ 7] (alterations in original). Plaintiff did not reply.

While Wasson's affidavit certainly casts doubt on the success of Ebeyer's premises liability claim against Wasson, the Court cannot say that there is no possibility that Wasson may have nonetheless assumed a duty to exercise care to Ebeyer based on their relationship, and that Ebeyer can establish a negligence claim against him. *See Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). Wasson's affidavit does not address or refute Ebeyer's allegations of Wasson's personal involvement in her injuries that underly her negligence claim, including that Wasson knew of residents who were sexually assaulting other residents, that Wasson knew or should have known that the male patient who allegedly sexually assaulted Ebeyer posed an unreasonable risk of harm, and

4

that Wasson refused to report the incident to proper authorities. [DE 7 at ¶¶ 61-70.] Ebeyer also alleges that Wasson knew that the same male patient verbally abused and attempted to physically assault Ebeyer again, which Wasson allegedly also failed to report. [*Id.* at ¶¶ 71-79.] Since Defendants have failed to meet their burden by showing that, after resolving all issues of fact and law in favor of Ebeyer, Ebeyer cannot establish a cause of action against Wasson, *Poulos*, 959 F.2d at 73, and the Court is to resolve any doubt in favor of the plaintiff's choice of forum in state court, *Morris*, 718 F.3d at 668, the Court finds that the fraudulent joinder doctrine does not apply, and this Court lacks jurisdiction.

B. Forum Defendant Rule

Defendants next argue that remand is improper because Wasson was not properly joined or served as a defendant at the time of removal, citing to 28 U.S.C. § 1442(b)(2). But Defendants' argument and application of § 1442(b)(2) is misplaced.

Section 1442(b)(2), known as the forum defendant rule, states "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013). For the forum defendant rule to be invoked, there must first be diversity jurisdiction. *Id.* (noting that the forum defendant rule is an "additional hurdle" for when diversity jurisdiction applies). In other words, the Court must first be satisfied that diversity jurisdiction exists, and only then may the Court determine whether, notwithstanding the existence of diversity jurisdiction, removal is improper under the forum defendant rule. *See Thornton v. M7 Aerospace LP*, 796 F.3d 757, 764 (7th Cir. 2015) (explaining how § 1441(b)(2)'s forum defendant rule is a matter of removal procedure, not jurisdiction). Indeed, in every case cited by Defendants in their response to Ebeyer's motion to remand where the court analyzed whether the forum defendant rule barred removal, the courts in those cases first

5

determined—and were satisfied—that complete diversity existed at the time of removal. *See, e.g., Whipkey v. Eli Lilly & Co.*, No. 1:20-cv-00450-SEB-MPB, 2020 U.S. Dist. LEXIS 105275, at *2 (S.D. Ind. June 12, 2020) ("The Parties agree that there is complete diversity of citizenship."); *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 933 (N.D. Ill. 2017) ("There is complete diversity between the parties based on their citizenship at the time of removal."); *In re Bridgestone/Firestone, Inc.*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002) ("Complete diversity clearly exists here[.]"); *Knightsbridge Mgmt., Inc. T/A Knightsbridge Rest. Grp. v. Zurich Am. Ins. Co.*, 518 F. Supp. 3d 1248, 1254 (S.D. Ill. 2021) ("In this case, there is no dispute over complete diversity[.]").

Accordingly, since the Court does not have diversity jurisdiction, the application of the forum defendant rule is moot.

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff Ebeyer's Motion to Remand. [DE 18.] This case is **REMANDED** to the St. Joseph County Court, Indiana. The Court also **DENIES** as **MOOT** Defendants' Motion to Dismiss. [DE 12.]

SO ORDERED.

August 14, 2024

                                                                 /s/*Cristal C. Brisco*
                                               CRISTAL C. BRISCO, JUDGE
                                               UNITED STATES DISTRICT COURT